UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 6, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Catisha W. v. Commissioner, Social Security Administration*
      Civil Case No. BAH-21-1567

In this Social Security disability appeal, the Commissioner of the Social Security Administration ("the Agency") has filed a motion to remand the case to the Agency for further consideration. ECF 19. Contrary to customary practice in this Court, Plaintiff opposes general remand, and instead requests reversal for an award of benefits. ECF 21 (order memorializing teleconference with the parties); ECF 24. Plaintiff has also moved for summary judgment. ECF 16. Pursuant to a Court order, the Agency filed a memorandum in support of the motion for remand, and Plaintiff filed a responsive memorandum. ECF 23, 24. I have reviewed all of the relevant filings and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Plaintiff's motion for summary judgment is **DENIED** and the Agency's motion for remand is **GRANTED**.

Plaintiff's position contravenes governing Fourth Circuit law. As the Agency explains in its memorandum, the Fourth Circuit has long adhered to the principle that district courts may reverse a case for payment of benefits only in "rare circumstances." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013). The reviewing court is not permitted to conduct a *de novo* inquiry into the matter or to weigh conflicting evidence. *Id*. Accordingly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id*. (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Those rare circumstances only exist where the record clearly established disability and "reopening the record for more evidence would serve no useful purpose." *Breeden v. Weinberger*, 492 F.2d 1002, 1012 (4th Cir. 1974).

This case presents the antithesis of that situation. Plaintiff contends that the ALJ created an inadequate factual record through the testimony of the Vocational Expert ("VE"), who, in Plaintiff's view, testified about an inadequate number of jobs in fields that are arguably obsolete. At least to some degree, it appears that the Agency concedes Plaintiff's argument, because it is moving for remand. It cannot be said, however, that there is no useful purpose to reopening the record, as another hearing will permit more targeted questioning of the VE about Plaintiff's ability to perform jobs presently existing in significant numbers in the national economy. And in the absence of such inquiry, it is far from clear on the record that Plaintiff is disabled and entitled to benefits.

Rather than attempting to apply the Fourth Circuit's standard, Plaintiff misapprehends a Ninth Circuit opinion to argue that the Agency (apparently in all circumstances) should not be

*Catisha W. v. Commissioner, Social Security Administration*
Civil No. BAH-21-1567
July 6, 2022
Page 2

entitled to a "mulligan." ECF 24 at 2. Even the Ninth Circuit did not generally adopt any such standard in the single case Plaintiff cites. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). Both in the Fourth and Ninth Circuits, the job of fleshing out the facts belongs to the Agency, not a reviewing court. If the Agency does an inadequate job in the first instance, the case must be remanded to give it a second opportunity to perform its task.

For these reasons, this case is properly remanded, not reversed. Accordingly, Plaintiff's motion for summary judgment, ECF 16, will be denied. The Agency's motion for remand, ECF 19, will be granted by separate order.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge