# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 9, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Catisha W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-1567-BAH

Dear Counsel:

Plaintiff Catisha W. filed a motion originally seeking payment of $5,957.68 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF 27, at 1. The Commissioner opposes the request and argues that the Court should "exclude those hours that were not reasonably expended and are not properly billable." ECF 29, at 1. I have considered the relevant filings and find that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $4,500.47 in fees.

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the Court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the District Court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Here, the Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 29, at 1. The Commissioner also agrees with Plaintiff's proposed hourly rates of $214.29 per hour for attorney work performed in 2021, $229.05 for attorney work performed in

*Catisha W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1567-BAH
November 9, 2022 Letter Opinion on EAJA Fee Request
Page 2

2022, and $100 for paralegal work performed in either year.[1]  *Id.*  The Commissioner contends, however, that Plaintiff's request is "excessive and unreasonable in light of the routine nature of the case" and unnecessarily includes "numerous billing entries for noncompensable time, and excessive attorney time spent to draft over five pages reciting evidence from the record." *Id.* at 4. The Commissioner also notes that the requested fee "exceeds the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3.  "The Commissioner proposes that a reasonable reduction would omit 4.9 hours of purely clerical work performed by paralegals; 0.7 hours of attorney work as clerical or non-compensable reviews of routine, boilerplate notices; and approximately [6] attorney hours of the time spent excessively on detailed recitation of the record and on duplicative and excessive attorney reviews, resulting in an award within the heartland of approximately $3,825.89." *Id.* at 8.  The Court will review the Commissioner's specific challenges *seriatim*, beginning with the request to omit 4.9 hours of purported clerical work.[2]

It is well known that "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all.").

As the Court noted in *April J.*, reasonable billing for the "reviewing and processing [of] the initial files," "[c]ombin[ing], OCR and live bookmark [of] federal court transcript," and for conversations and correspondence between Plaintiff and a paralegal is not improper.  2022 WL 4017381, at *4 (citing *Sykes v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-898, 2017 WL

---

[1] Plaintiff provides an explanation of these proposed rates in Exhibit A to Plaintiff's Motion for Attorney's Fees.  *See* ECF 27-2, at 2–4.

[2] Defendant avers that the following tasks are "clerical" and thus non-compensable: "0.6 hours receiving, reviewing and processing the initial files from referral source, 0.4 hours for a conversation with the client re: completion of federal debt check, explained EAJA, 0.2 conversation with the client re: IFP assessment – client will pay filing fee, 0.4 conversation with client re: further IFP assessment, no longer feels they can pay, assistance with application, 0.3 FDC contract and other rep documents returned via Right Signature, reviewed for completion, 0.1 email with opposing counsel re: extension to file Plaintiff's brief, . . . 1.7 hours for 'Combine, OCR and live bookmark federal court transcript,' a time slip of 0.3 hours for 'Federal Court-Remand Referral back to Referral Source,' and 0.3 hours for a telephone call to the client to explain the FDC remand and process[,] . . . 0.1 to review motion for leave to proceed in forma pauperis, approve for filing, 0.1 review and execute magistrate consent form, 0.3 draft consent motion, declaration and proposed order for extension of time re: Plaintiff's brief, send to local counsel for review, 0.1 emails with opposing counsel re: remand negotiations, 0.1 review memorandum opinion to grant Defendant's motion to remand case for further proceedings[.]"  ECF 29, at 6–8.  The Court notes that these tasks equal 5.0 total hours, not 4.9 hours.

*Catisha W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1567-BAH
November 9, 2022 Letter Opinion on EAJA Fee Request
Page 3

1956852, at *2 (D. Md. May 10, 2017) (collecting cases)).  However, while the Court does not object to billing for participation in the process of completing and filing a motion to proceed in forma pauperis, I do find that billing over an hour for this task is excessive and thus I will reduce the award by 0.3 paralegal hours in 2021.  I also agree with Defendant that the billing for the filing of a "consent to the exercise of a magistrate judge," ECF 27-4, at 2, is excessive as counsel for Plaintiff has litigated Social Security appeals in the District before with the assistance of experienced local counsel and therefore is already aware of the implications of consent to proceed before one of the magistrate judges in this District.

I agree with Plaintiff that the unique circumstances of this case justify billing for the review of the Court's remand order as well as for the negotiations surrounding the remand decision.  ECF 30, at *5.  However, the Court likely will not look favorably upon such requests in the future given the clarity provided by the Court's opinion.  Finally, it is unclear what "Federal Court-Remand Referral back to Referral Source," ECF 27-5, at 2, actually seeks compensation for and I decline to authorize payment for 0.3 paralegal hours in 2022 for this unexplained task.  The remainder of the requested hours appear reasonable under the circumstances.  All totaled the Court will reduce the hours billed by 0.1 attorney hours in 2022 and 0.6 paralegal hours as improperly billed "clerical" work.

As to the allegation that Plaintiff seeks to recover for "excessive attorney reviews," I agree that "the Commissioner should not have to pay for two separate experienced attorneys to review the dispositive motion before filing." *Sheridan v. Colvin*, No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015).  However, as I noted in *April J.*, 2022 WL 4017381, at *4, the Court will credit the representation by Plaintiff that billable time was reduced to avoid an unfair double-recovery.  ECF 30, at 3.  Further, the mere involvement of multiple attorneys on a case does not automatically bar payment for the work they all performed.  *Sykes*, 2017 WL 1956852, at *2 ("Although three attorneys worked on Plaintiff's behalf, the hours they expended to review the case record, draft Plaintiff's dispositive motion, and revise Plaintiff's motion, were neither unreasonable nor duplicative.").

However, the Court agrees with the Commissioner that Plaintiff's bill of over 20 hours to research, draft, and review Plaintiff's Motion for Summary Judgment is excessive.  *See* ECF 27-4, at 4.  Plaintiff's memorandum of law in support of a motion for summary judgment contains legal arguments that run a modest 4.5 pages.  ECF 16-1, at 6–10.  As Defendant notes, a large portion of this argument "did not rely heavily on the facts of [this] particular case," ECF 29, at 5, and one of the two arguments contains a lengthy string cite that is not specific to this District (or circuit) and thus could be used interchangeably in other briefs nationwide.  The memorandum also includes five pages summarizing the procedural posture of the case and Plaintiff's medical records.  ECF 16-1, at 1–5.  This Court has repeatedly noted that a "detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication."  *Baylis v. Colvin*, No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014).  This section of Plaintiff's memorandum amounts to an index of Plaintiff's medical conditions, a largely clerical task that courts have declined to find compensable under the EAJA.  *See Hooper v. Saul*, No. 3:20-CV-00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021).  While I appreciate that Plaintiff

*Catisha W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1567-BAH
November 9, 2022 Letter Opinion on EAJA Fee Request
Page 4

purportedly declined to seek compensation for drafting the "procedural section" and the "facts," seeking to recover 20 hours of compensation to research, draft, and review just a few paragraphs of argument is excessive. Moreover, Plaintiff's fee petition seeks recovery for 15.4 hours of activities including "organiz[ing] facts." ECF 27-4, at 4. I see little distinction between compensation for the *organization* of this information and the *drafting* of a section containing same. At minimum, Plaintiff has failed to explain what portion of these 15.4 hours is devoted to what specific task. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."). The Court agrees that a reduction is warranted here since the timesheets include entries combining both compensable and non-compensable tasks.

The Commissioner suggests a reduction of six (6) attorney hours to account for time unnecessarily spent researching, organizing, and drafting Plaintiff's motion for summary judgment. ECF 26, at 7. For the reasons noted above (and expanded on in *April J.*, 2022 WL 4017381, at *3–4), I agree that the Commissioner's proposed reduction of six (6) attorney hours in 2022 is appropriate.

With the above-noted reductions of 6.1 attorney hours in 2022 ($229.05 x 6.1 = $1,397.21) and 0.6 paralegal hours ($100 x 0.6 = $60), the Court notes a total final reduction in Plaintiff's requested EAJA award of $1,457.21 ($1,397.21 + $60). The result is an award of $4,500.47 ($5,957.68 - $1,457.21). The Court declines to award additional compensation for time spent responding to the Commissioner's opposition given that a dispute over similar billings was similarly briefed, and resolved, in *April J. See* 2022 WL 4017381, at *4–5. I note that Plaintiff's counsel was recently advised that EAJA petitions of this amount still fall "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *See April J.*, 2022 WL 4017381, at *4 (awarding $4,779.78 on September 2, 2022), *Duane H.*, 2022 WL 2532425, at *2 (citing *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, No. BAH-20-2374 (awarding $4,538.22 on June 6, 2022); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, No. JMC-21-368 (awarding $2,136.03 on May 16, 2022); Gregory J. v. Comm'r, Soc. Sec. Admin., No. JMC-21-236 (awarding $2,246.14 on May 18, 2022); *Tracy B. v. Comm'r*, Soc. Sec. Admin., No. BAH-22-183 (awarding $1,500.00 on June 1, 2022); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-859 (awarding $4,700.00 on June 1, 2022); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2347 (awarding $4,093.70 on June 23, 2022); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-1614 (awarding $4,526.92 on June 23, 2022); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-872 (awarding $2,718.68 on June 27, 2022); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-744 (awarding $2,168.16 on June 27, 2022); *Michael T. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2050 (awarding $4,325.65 on June 22, 2022); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-2330 (awarding $4,242.32 on June 23, 2022); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* No. BAH-21-929 (awarding $4,460.20 on June 22, 2022)). Plaintiff's Motion for Attorney Fees will be GRANTED IN PART and DENIED IN PART and Plaintiff will be awarded $4,500.47 in fees. An implementing order follows.

*Catisha W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No.: 21-1567-BAH
November 9, 2022 Letter Opinion on EAJA Fee Request
Page 5

      The Court notes that disputes over EAJA petitions between counsel here and Defendant are becoming increasingly too common.  As such, I ask that counsel confer before the filing of future EAJA petitions in an effort to minimize time spent litigating compensation.

      Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

                Sincerely,

                   /s/

                Brendan A. Hurson
                United States Magistrate Judge